Filed 7/31/24  P. v. Gannon CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C098918 |
| Plaintiff and Respondent, | (Super. Ct. No. 22F2941) |
| v. | |
| BARRY WAYNE GANNON, | |
| Defendant and Appellant. | |

A jury found defendant Barry Wayne Gannon guilty of carjacking.  The trial court found true that defendant had a prior strike and a prior serious felony conviction.  The court sentenced defendant to the middle term of five years for carjacking, doubled to 10 years for the prior strike, plus five years for the prior serious felony conviction, for a total prison sentence of 15 years.

Defendant appeals.  His appointed counsel filed an opening brief raising no legal issues and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Having done so, we find no arguable issues that would result in a disposition more favorable to defendant and affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On August 8, 2022, the victim, C.D., was parked in a McDonald's parking lot, sitting in a car borrowed from his girlfriend, and eating breakfast. The driver's side window was open. Defendant appeared at the window, said something C.D. did not understand, and began punching C.D. through the open window. C.D. screamed for help. Defendant was halfway through the window on top of C.D. C.D. realized he could not get defendant off him because C.D. was "locked" in his seatbelt. C.D. started the car, put it in gear, floored it, and traveled about 30 feet before hitting a concrete planter. Defendant was hanging on, punching C.D. continuously. Defendant continued punching C.D. after the car stopped. C.D. received between 30 and 40 blows.

C.D. was able to unbuckle his seatbelt and escape out the passenger side door. C.D. grabbed his backpack but left his cell phone in the car. Defendant drove off in the car. C.D. called his girlfriend, T.J., and told her the car had been stolen. T.J. called 911. T.J. tracked the location of the car through C.D.'s cell phone and told a police officer the car's location. A police officer found the car. He saw defendant and a woman taking items out of the stolen car and loading them into blue Toyota parked next to it. They were about to leave in the Toyota when the officer pulled them over. C.D.'s cell phone and the keys to the stolen car were found in the Toyota.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *People v. Wende, supra*, 25 Cal.3d 436, requesting this court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief, and he has not done so.

After independently reviewing the record, we find no arguable error that would result in a disposition more favorable to defendant.

2

## DISPOSITION

The judgment is affirmed.


/s/

MESIWALA, J.


We concur:


/s/

RENNER, Acting P. J.


/s/

KRAUSE, J.

3